# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JACKIE MACK, individually, HERBERT MACK, individually, and as husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware corporation; DOES I-V; and ROE CORPORATIONS I-V, inclusive,<br><br>　　　　　Defendants.<br>_____ | 2:07-CV-0982–BES-RJJ<br><br>**ORDER** |

　　　　Presently before this Court is Plaintiffs' Motion to Remand (#8), filed August 24, 2007. The Court has also considered Defendant's Opposition (#14), filed September 11, 2007.

## BACKGROUND

　　　　On August 25, 2006, Plaintiffs Jackie Mack and Herbert Mack ("Plaintiffs") filed a Complaint in the Eighth Judicial District Court for the State of Nevada against Defendant Wal-Mart Stores, Inc. ("Defendant"). In their Complaint, Plaintiffs asserted a cause of action for personal injuries Jackie Mack allegedly received from an incident at a Wal-Mart store located in Las Vegas, Nevada. Jackie Mack's husband, Herbert Mack, asserted a cause of action for loss of consortium from the incident. Both causes of action sought damages "in excess of $10,000." (Petition for Removal (#1) at Exhibit B).

///

On September 11, 2006, Plaintiffs filed a request for exemption from the state court's mandatory arbitration program on the ground that pursuant to Nevada Arbitration Rules 3 and 5, the case involved an amount in issue in excess of $50,000, exclusive of interest and costs. (Petition for Removal (#1) at Attachment 1). On November 6, 2006, the Arbitration Commissioner filed a Notice to Appear to Submit Additional Facts Regarding Exemption from Arbitration. Id. In their supplement, the Plaintiffs asserted that Jackie Mack's medical specials totaled $28,200.20. Id. The Plaintiffs also stated that Jackie Mack was to be evaluated by a doctor at Western Regional Spine and Brain Center and that it was likely that she would require surgery and that her care "would be in excess of $100,000.00." Id. However, at the time Plaintiffs' supplement was filed, Jackie Mack had not yet been evaluated. Id.

On June 13, 2007, a medical report was created recommending future medical treatment for Jackie Mack. According to the Defendant, this report recommended numerous medical procedures which substantially increased Jackie Mack's future medical specials claim. (Response to Motion to Remand (#14) at p. 3). One day after receiving this medical report, Defendant filed a Petition for Removal asserting that "this Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 2201, and is one which may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. § 1441(b)." (Petition for Removal (#1) at p. 2). Specifically, Defendant asserted that there is complete diversity between the parties and that the amount in controversy exceeds $75,000.

Plaintiff now seeks to remand the case to state court on the basis that the Defendant's petition is untimely.

**DISCUSSION**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332.

1       The proper procedure for challenging removal to federal court is a motion to remand. 28 U.S.C. § 1447. A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. Id. The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. Id. at 567; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

      The parties do not dispute the amount in controversy nor the existence of diversity of citizenship. Rather, Plaintiffs oppose Defendant's removal as untimely. Specifically, the Plaintiffs argue that Defendant had thirty days from the filing of the initial pleading to remove the case to federal court. (Motion to Remand (#8) at p. 4). According to Plaintiffs, "Defendant was required to file its petition for removal no later than September 11, 2006." Id. In addition, Plaintiffs argue that the Defendant "had the burden to investigate the claim" to determine if the amount in controversy exceeded $75,000. Id. at p. 6. In response, Defendant argues that its petition for removal was timely because Defendant removed this action "based upon the first paper from which removability could be ascertained - namely, a medical recommendation received on July 23, 2007." (Response to Plaintiffs' Motion to Remand (#14) at pp. 1-2). Defendant alleges that it was not able to ascertain removability from the initial pleading in this case. Id. at 4. Rather, Defendant states that it wasn't until they received Jackie Mack's medical report listing $35,000 of future medical expenses that they were able to ascertain the jurisdictional value of the case. Id. at 3. As such, Defendant argues that their petition for removal was timely because it was filed within 30 days from the time they received the pertinent medical report.

///
///
///

     28 U.S.C. § 1446(b) governs the timing of removal. That statute provides:

> The notice of removal of a civil action or proceedings shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

As can be seen, Section 1446 affords two thirty-day windows during which a defendant may remove an action.

     In potential diversity cases, three removal scenarios present themselves: "1) the case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint . . .; 2) the case clearly is not removable on the basis of jurisdictional facts apparent from the face of the complaint . . .; or 3) it is unclear from the complaint whether the case is removable." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 692-93 (9th Cir. 2005). The first scenario triggers the first thirty-day window of Section 1446. The third scenario, which is known as an "indeterminate pleading," triggers the second thirty-day window and "the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (citing 28 U.S.C. § 1446(b)). An indeterminate pleading is at issue here. Plaintiffs, pursuant to Nevada Rule of Civil Procedure 8(a) sought damages in their complaint "in excess of $10,000" without further specification of amount. Defendant claims that it could not have properly removed the case within thirty days of receiving the complaint because the non-specific allegations of damages precluded it from determining the actual amount in controversy. Moreover, Defendant states that it wasn't until it received the medical report on July 23, 2007, that it realized that extent of Jackie Mack's future medical expenses and, thus, the jurisdictional value of the case.

///

1    The Ninth Circuit follows the rule adopted by numerous other jurisdictions which holds
2 that when a plaintiff fails to explicitly disclose the amount of damages in the complaint, the
3 clock does not begin to run upon receipt of the initial pleading for purposes of removal. Id. at
4 695 n.5. Rather, "the ground for removal must be revealed affirmatively in the initial pleading
5 in order for the first thirty-day clock under § 1446(b) to begin." Id. at 695. Notice of
6 removability under § 1446(b) in the initial pleading "is determined through examination of the
7 four corners of the applicable pleading, not through subjective knowledge or a duty to make
8 further inquiry." Id. at 694.

9    In this case, the complaint did not affirmatively reveal that the amount in controversy
10 exceeded $75,000. As such, Defendant was not required to file its petition for removal within
11 the first thirty-day window under Section 1446. Moreover, the Ninth Circuit does not impose
12 a duty on a defendant to inquire or investigate to determine the amount in controversy if it is
13 not facially clear from the complaint.[1] Id. at 689. Thus, Defendant did not have a duty to
14 investigate to determine the jurisdictional amount from the indeterminate pleading. Despite
15 this, Plaintiff argues that because the Exemption from Arbitration showed an amount in issue
16 of at least $50,000 that Defendant should have known the amount in controversy exceeded
17 $75,000. However, the Exemption from Arbitration is not dispositive as to whether the amount
18 in controversy was sufficient for federal jurisdiction. See Gillard v. Wal-Mart Stores, Inc., 2007
19 WL 1456219 (D.Nev. 2007). Moreover, at that time Jackie Mack had not been evaluated for
20 future medical treatment and her then-current medical expenses were $28,200.00.

21    Based on the foregoing, the Court agrees with Defendant that it was not clearly
22 ascertainable that the amount in controversy was sufficient for federal jurisdiction from the
23 initial pleading. As such, the Defendant was not required to file its petition for removal within
24 thirty days from the filing of the complaint. Further, it did not become clear that the amount
25 in controversy was sufficient for federal jurisdiction until July 23, 2007, when Defendant

---

[1] The Ninth Circuit cited with approval the following statement by the Eastern District of New York: "[T]here is no requirement in 28 U.S.C. Section 1446(b) that a defendant exercise a duty to investigate, and this Court will not read into the statute such a condition." Id. at 697 (citing Soto v. Apple Towing, 111 F.Supp.2d 222, 226 (E.D.N.Y. 2000)).

received Jackie Mack's medical evaluation recommending future medical care and procedures. Because Defendant filed its petition for removal immediately thereafter, such removal was timely under 28 U.S.C. § 1446.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#8) is DENIED.

DATED: This 11th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE

6